IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF PUERTO RICO

| | |
|---|---|
| Dalmiro Basaldella Aleman<br><br>    Plaintiff<br><br>    vs.<br><br>Airbnb, Inc., Sojourn Hospitality Puerto Rico LLC, John Doe, Insurance Company X, Insurance Company Y, Insurance Company X, Does 1 through 100 inclusive<br><br>    Defendants | Civil No.<br><br>RE: Personal Injury<br><br>Jury Trial is Demanded |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Dalmiro Basaldella Aleman, through the undersigned counsel, and very respectfully state and prays as follows:

### I. Introduction

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff.

### II. Parties

2. Dalmiro Basaldella Aleman (hereinafter referred as Plaintiff) at all relevant times was and still is a citizen of London, United Kingdom.

3. Defendant Airbnb, Inc. (hereinafter referred to as defendant "Airbnb") principal place of business is 888 Brannan Street 4th Floor, San Francisco, CA 94103.

4. Defendant Sojourn Hospitality Puerto Rico LLC (hereinafter referred as "Sojourn") principal place of business is 13 Calle Bucare, Apt 2b, San Juan, PR 00913.

5. Plaintiff is informed and believes, and thereon alleges, that at all relevant times the property he rented through Airbnb located at 1503 Loiza St., La Mona Bldg., Santurce Puerto Rico, belongs to John Doe and sue such defendant by fictitious name.

6. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, Insurance Company X, Y and Z are insurance companies that issued insurance policies to cover the risks that Defendants may incur in their businesses course.

7. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned each Defendant, whether known or unknown and whether sued by name or as Doe defendant was the agent, employee and/or employer of each of remaining Defendants and was actin within the scope and course of said agency and employment.

8. Plaintiff is unaware of the true names and capacities of those Defendants sued herein as John Doe and DOES 1-100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants, when the same have been ascertained, together with such other charging allegations as may be appropriate. Plaintiff is also unaware of another affiliate or parent company that may be a defendant or proper defendant in the instant cases and for such reason will ask leave to amend the complaint after discovery of such information.

### III. Jurisdiction and Venue

8. Plaintiff is a citizen of London, United Kingdom

9. Defendants Airbnb, Sojourn, John Doe, Insurance Company X, Y, Z and DOES 1-100 are citizens of the United States of America.

10. The matter in controversy exceeds, exclusive interests and costs, the sum of $75,000.00

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

2

12. Venues is proper in this Court insofar as Puerto Rico is where the cause of action arose.

### IV. Nature of the Action

13. This is an action against Airbnb Inc., Sojourn, John Doe, Insurance Company X, Y, Z and DOES 1-100 for Negligence Liability pursuant to Puerto Rico's Civil Code.

### V. Factual Background

14. On or around November-December 2019, Plaintiff made a reservation via Airbnb to visit Puerto Rico from December 4 to December 11, 2019.

14. Plaintiff arrive in Puerto Rico on or about December 4, 2019.

15. On December 10, 2010 at 10:00 am when Plaintiff was about to leave the apartment the main entrance and exit door of the apartment pinched, fracture and severed the index finger of his right hand.

16. Plaintiff was taken to the Ashford Presbyterian Community Hospital to receive medical attention.

17. Plaintiff received emergency treatment at the Ashford Presbyterian Community Hospital and treating physicians determined to refer him to Puerto Rico's Medical Center (locally and commonly known as "Centro Médico") due to the severity of the lesion.

18. Physicians at "Centro Médico" performed a surgery and put a cast on Plaintiff's right hand, he had to stay at the hospital overnight.

19. Plaintiff was able to inform Airbnb about the accident he suffered the same day it occurred after attempting to do so multiple times.

20. Plaintiff's receive a case or claim number from Airbnb which is 74142488.

21. Airbnb has not communicated or done anything related to the plaintiff's claim since the day it was informed of the accident.

22. Plaintiff was discharged from "Centro Médico" on December 11, 2019.

23.  Plaintiff had to look up for a place to stay due to the accident he had.

24.  Plaintiff had to incur in additional travel and accommodations expenses.

### VI. Cause of Action (Negligence)

25.  Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 25, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

26. Plain is informed and believes, and thereon alleges, that at all times herein mentioned defendants Airbnb, Sojourn, John Doe, Insurance Company X, Y, Z and DOES 1-100, inclusive, and each of them, were in a joint business venture together, and acting as the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency. The acts and conduct alleged herein of each such defendant were known to, authorized and ratified by each such defendant. This included defendant john Doe knowingly entering into a joint venture with defendant Airbnb to advertise the subject premises to consumers known to be within the State of Puerto Rico, including Plaintiff.

27. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each Defendant, whether known or unknown and whether sued by name or as a Doe defendant, was the agent, employee and/or employer of each of the remaining Defendants and was acting within the scope and course of said agency and employment.

28. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants Airbnb, Sojourn, and  John Doe, inclusive, and each of them, were in possession of and owned, operated, maintained, repaired, inspected, and controlled that certain

4

real property and improvements, identified as a property located at the common areas on the subject premises located at 1503 Loiza St., La Mona Bldg., Santurce Puerto Rico (hereinafter referred to as "the apartment").

29. Plaintiff is informed and believes, and thereon alleges that at all relevant times, defendants Airbnb, Sojourn, and John Doe, inclusive, and each of them, operated and maintained the subject premises as a residential "hotel" and/or short-term rental property with common areas open to the public and/or invitees on the premises.

30. Plaintiff is informed and believes, and thereon alleges, that since at all relevant times defendants, and each of them, operated and maintained the subject premises as residential hotel they advertised as open to the public. As such, said defendants had a duty to maintain and repair said premises, in order to keep them in a safe manner, and free from hazards and dangers

31. On or about December 4, 2019 Plaintiff entered into a seven (7) day short-term rental agreement with defendants and each of them related to the subject premises. As a result, commencing on or about December 4, 2019, Plaintiff Dalmiro Basaldella Aleman was lawfully upon the subject premises as a guest and invitee.

32. In advance of Plaintiff being a guest and invitee on defendant's premises, Plaintiff was marketed to, and solicited by, defendants to stay at the subject premises in its capacity as a "hotel" and/or short-term rental property.

33. Plaintiff is informed and believes, and thereon alleges, that at all relevant times in or about December 4, 2019, defendants were solely responsible for inspection, maintenance and repair of the subject premises. Plaintiff is further informed and believes that defendants failed and refused to undertake competent inspection, maintenance and repair of the door lock, causing Plaintiff's injuries and damages.

34. On December 10, 2019, during his tenancy on defendants' property Plaintiff suffered an accident in which he pinched, fractured and severed his right-hand index finger when he was closing the apartment door. Plaintiff thereby sustained serious physical injuries as a result of a defective door lock, situation that was previously notified to Airbnb.

35. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless Defendants conduct, which consisted, *inter alia*, of the following particulars:

    a. Failing to maintain the property and its accessories in a safe condition to insure invitee's safety, particularly failing to maintain and/or repair the door lock condition, which existed and which were known and should have been known to the Defendants;

    b. Failing to properly inspect and repair the property and its accessories wherein the Plaintiff suffered the accident;

    c. Failing to maintain the property in good and safe condition for the Plaintiff and others;

    d. Failing otherwise to comply with the applicable laws and regulations of the State of Puerto Rico and the applicable Federal laws and regulations;

    e. Otherwise failing to exercise the degree of care required under the circumstances; and

    f. Otherwise being negligent.

36. Plaintiff is further informed and believes, and thereon alleges, that the afore-described dangerous condition was caused and created by the defendants, and each of them, and their agents, representatives and employees, whether due to action or negligence.

37. The afore-described condition of the door lock was dangerous and caused by lack of care or inspection as maintained, controlled and supervised by defendants represented and constituted a dangerous condition affecting the property and a hazard to persons staying at the property. Furthermore, there were no warnings present to alert persons such as Plaintiff of the presence of the dangerous conditions.

38. As a direct and proximate result of the afore-described carelessness and negligence of defendants, and each of them, in allowing the aforesaid dangerous and defective conditions to exist, and improperly controlling, inspecting, maintaining and designing the subject property, and causing the same to be dangerous, Plaintiff sustained the hereinafter described injuries and Damages.

39. At all relevant times, defendants and each of them, owed a duty to Plaintiff, as an invitee on the premises, to maintain, inspect and repair the property in a manner so as to make the property safe for persons renting it. Defendants, and each of them, further had a duty to warn Plaintiff of any dangers or hazards on the premises, and otherwise protect Plaintiff from such hazards and dangers. Defendants, and each of them, breached said duties by failing to protect Plaintiff, actively repairing the door lock as soon they had knowledge of the dangerous conditions, and failing to provide reasonable and necessary warnings to Plaintiff.

40. Plaintiff is informed and believes, and thereon alleges, that the misconduct of defendants, and each of them, is the proximate cause of all damages to Plaintiff herein alleged. The full nature and extent of Plaintiffs injuries and damages are not presently known, and Plaintiff shall seek leave to amend to include further and additional damages at a later time.

41. As a direct and proximate result of the misconduct of the defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and person, all of which said injuries have caused, and continue to cause Plaintiff great physical,

mental and nervous pain, suffering and anguish. The Plaintiff also sustained the loss of his enjoyment of a normal life. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

42. As a further direct and proximate result of the misconduct of the defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. Plaintiff will ask leave to amend his Complaint to set forth the exact amount thereof when the same is ascertained.

43. Plaintiff is a tattoo artist and his dominant hand is his right hand.

44. Plaintiff has been unable to continue to work due to the injury he suffered at Defendants' property.

45. As a further direct and proximate result of the misconduct of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity.

46. As a result of the aforesaid conduct and breach of care of the Defendants, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

## VII. Jury Demand

47. Plaintiff herein hereby demands a trial by jury on all issues of the instant cause of action.

## VIII. Prayer for Relief

**WHEREFORE**, the Plaintiff prays for damages against the defendants, jointly and severally, based upon negligence in the amount of $1,000,000.00, plus costs of this action and any other such other relief to be deemed just and equitable, including but not limited to:

   a. For the principal amount of the value of Plaintiff's claim;

b.  For legal interest on the sum of Plaintiffs losses between December 10, 2019 and the present time, and continuing;

c.  Plaintiffs losses between December 10, 2019 and the present time, and continuing;

d.  For damages for lost income, earning capacity and/or lost profits;

e. For special damages;

f.  For general damages;

g. For compensatory damages including but not limited to distress, suffering, mental anguish, loss of dignity, and any other intangible injuries;

h. For court costs, and other allowable costs;

i. For restitution;

j.  For attorneys' fees and costs;

k.  For punitive damages;

l. For such other and further relief as the court may deem just, equitable and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of November 2020.

I hereby certify that on this same date, this document was filed was filed with the Clerk of the Court electronically (CM/ECF).

    S/Juan A. Velez-Mendez, Esq.
    USDC-PR 225902
    Urb. Miradero
    106 Camino de la Fuente
    Humacao, Puerto Rico, 00791
    Tel. (787) 594-1088
    Fax (787) 719-6493
    javmlaw@gmail.com